IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| FLOYD STOKES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:12-cv-00364-REP |
| | : | |
| 7-ELEVEN, INC. | : | |
| | : | |
| Defendant. | : | |

### 7-ELEVEN INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, 7-Eleven, Inc. ("7-Eleven") and in support of its Motion for Summary Judgment, states the following:

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment will be granted if there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). The moving party may discharge its burden by demonstrating "an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S., at 325. Mere allegations of a factual dispute are insufficient to allow a party to survive summary judgment where there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Those facts must be evidence; speculation or conclusory allegations will not defeat a motion for summary judgment. See Glover v. Oppleman, 178 F.Supp.2d 622, 631 (W.D. Va. 2001) ("Mere speculation by the non-movant cannot create a genuine issue of material fact.")(internal citations omitted). The moving party is entitled to summary judgment where the nonmoving party is unable to offer more than speculation to support its cause of

1

action: "a trial judge has an 'affirmative obligation' to 'prevent factually unsupported claims and defenses from proceeding to trial.'" Kitts v. Boddie-Noell Ent., Inc., 2010 U.S. Dist. LEXIS 53331, *3 (W.D. Va., June 1, 2010) (Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987)(internal citations omitted)).

Subject matter jurisdiction in this case is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. When a federal court's jurisdiction is based on diversity of citizenship, the court must apply the substantive law of the state where it sits. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938). In this case, the Court must apply Virginia's law on negligence. See Harrison v. Kroger Co., 737 F.Supp.2d 554, 556 n.1 (W.D. Va. 2010).

## ARGUMENT

To make out a *prima facie* cause of action for negligence under Virginia law, a plaintiff must show "the existence of a legal duty, breach of the duty, and proximate causation resulting in damage." Atrium Unit Owners Ass'n v. King, 266 Va. 288, 293, 585 S.E.2d 545, 548 (2003)(internal citations omitted). A business owner owes its customers a duty of ordinary care toward them while the customers are on the business's premises. Winn-Dixie Stores, Inc., v. Parker, 240 Va. 180, 182, 396 S.E.2d 649, 650 (1990). This duty requires a business owner

> "to have the premises in a reasonably safe condition for [a customer's] visit; to remove within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there; to warn the plaintiff of the unsafe condition if it was unknown to her, but was, or should have been known to the defendant."

Harrison v. Kroger, 737 F.Supp.2d, at 557 (Colonial Stores v. Pulley, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1982)).

The first issue for this Motion for Summary Judgment is whether Plaintiff's claim is barred as matter of law by the plaintiff's contributory negligence. Summary judgment is

appropriate here. Plaintiff has conceded that he did not pay attention to the ground when he stepped out of his vehicle and that he failed to see a spill on the ground the he said was as large as a "basketball". It is well established that a plaintiff has an obligation to take reasonable precautions for his or her own safety. Stokes has not done that here. The second issue for this Motion is whether Plaintiff has sufficient evidence to create a jury question on the issue of constructive notice.[1] The three hour window within which the spill has to have developed is insufficient as a matter of law to create a jury question on the issue of constructive notice. This Court should therefore grant 7-Eleven, Inc.'s Motion for Summary Judgment and dismiss Plaintiff's Complaint.

I. **Plaintiff's cause of action is barred by his contributory negligence as a matter of law.**

Plaintiff's contributory negligence in failing to do what a reasonable person would have done to account for his own safety should, as a matter of law, bar him from recovery in this matter. Even where a plaintiff can show that a business owner breached its duty of reasonable care, "[i]f a plaintiff's own negligence 'contributes to the mishap, it bars recovery.'" Kitts v. Boddie-Noell Ent., Inc., Civil Action No. 3:09-CV-00060, 2010 U.S. Dist. LEXIS 53331, at *6 (W.D. Va., June 1, 2010)(Fein v. Wade, 191 Va. 203, 209, 61 S.E.2d 29, 32 (1950)). "A plaintiff who slips and falls as a result of an open and obvious danger is guilty of contributory negligence as a matter of law." Logan v. Boddie-Noell Ent., Inc., Case No. 4:11-CV-00008, 2012 U.S. Dist. LEXIS 5345, at *29 (W.D. Va., Jan. 18, 2012)(citing Freeman v. Case Corp., 118 F.3d 1011, 1014 (4th Cir. 1997)). "Normally, both contributory negligence generally, and the open and obvious nature of a hazard specifically, are jury questions. In clear cases, however, the contributory negligence of the plaintiff may be established as a matter of law." Hudson v. Kroger

---

[1] Plaintiff concedes in the Joint Discovery Motion (Docket Entry #16) that there is no evidence of actual notice of the condition alleged to have caused the plaintiff's fall.

3

Co., 2007 U.S. Dist LEXIS 51941, at *5 (W.D. Va., July 18, 2007) (citing Artrip v. E.E. Berry Equip. Co., 240 Va. 354, 358, 397 S.E.2d 821, 823 (Va. 1990)). When determining whether a plaintiff is barred from recovering by contributory negligence, "the guiding inquiry in determining whether a defect was open and obvious is whether the plaintiff would have seen the hazard had [he] been looking." Logan, 2012 U.S. Dist. LEXIS 5345, at *30 (Cameron v. K-Mart Corp., 2010 U.S. Dist. LEXIS 76224 at *8 (W.D. Va. July 28, 2010)(internal citations omitted)). The court must ask "whether a plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances." Adkisson v. Frizzell, 2012 U.S. Dist. LEXIS 113810, *11 (W.D. Va. August 14, 2012)(citing Artrip v. E.E. Berry Equip. Co., 240 Va. 354, 397 S.E.2d 821, 824, 7 Va. Law Rep. 764 (Va. 1990)).

  Here, plaintiff admits that he never looked at the ground near or around the pump prior to falling. (Plt Dep. at 31:17-19)(excerpts of which are attached hereto as **Exhibit A**). Plaintiff described the spill at being a "little bigger than a basketball" and agreed with an estimate that it was approximately a foot across. (Exh. A. at 24:8-17). Plaintiff admitted in deposition that prior to stepping out of his van, he did not look at anything other than the price of the gas. (Exh. A at 20:11-18; 21:4-8; 22:2-6). Plaintiff further admitted that prior to falling there was nothing that would have obstructed his view of this spill had he looked at the ground and that he simply never looked. (Exh. A at 31:8-22). Furthermore, plaintiff conceded that he did not see the spill until after he had fallen. (Exh. A at 28:4-12).

  Plaintiff's concession that had he been looking, he would have seen the spill is fatal to his claim. A spill that he admits was nearly a foot across would be open and obvious to anyone exercising reasonable care for his or her own safety. Stokes is not permitted to blindly walk around and ignore his surroundings and still maintain a cause of action against 7-Eleven, rather

he must act as a reasonable person would acted in looking out for his own safety. Adkisson, at *11 (W.D. Va. August 14, 2012)(citing Artrip v. E.E. Berry Equip. Co., 240 Va. 354, 397 S.E.2d 821, 824, 7 Va. Law Rep. 764 (Va. 1990)). Stokes did not do so here and, thus, his recovery should be barred.

### II. Plaintiff cannot make out a *prima facie* cause of action for negligence, because he cannot show that 7-Eleven had constructive notice of any dangerous condition.

Where the unsafe or dangerous condition was not created by the business owner's affirmative conduct, the plaintiff must show that the business owner "'had actual or constructive notice, that is, whether they knew or should have known, of the presence of the [hazardous condition] that caused [plaintiff's] fall and failed to remove it within a reasonable time or to warn of its presence.'" Harrison, 737 F.Supp.2d at 557 (Ashby v. Faison & Assoc., Inc., 247 Va. 166, 170, 440 S.E.2d 603, 605 (1994)). Plaintiff has admitted previously that he has no evidence to support a claim of actual notice and, therefore, proceeds entirely on the theory of constructive notice. See Parties' Joint Motion on Discovery, Docket Entry # 16. The most plaintiff can show is that the spill could have existed for as much as three hours.

### A. Plaintiff has not provided any evidence that 7-Eleven had constructive notice of any dangerous condition.

In Virginia, a plaintiff may show that a business owner had constructive notice of a defective condition by offering "evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Grim v. Rahe, Inc., 246 Va. 239, 242, 434 S.E.2d 888, 890 (1993) (internal citations omitted). Summary judgment here is appropriate because Plaintiff can establish only that the spill came into

existence at some time between 9:00 a.m. and 12:00 pm the day he fell. Plaintiff has conceded that he has no personal knowledge as to when/how the diesel fuel came to be on the pavement. (Exh. A, at 33:24-34:8). This is insufficient under Virginia law to impute constructive notice to 7-Eleven.

      i. Plaintiff cannot show when the dangerous condition came into existence.

A plaintiff must show when a dangerous condition came into existence to make out a *prima facie* cause of action for negligence based on constructive notice: "if the evidence fails to show when a defect occurred on the premises, the plaintiff has not made out a prima facie case." Grim, 246 Va., at 242, 434 S.E.2d, at 890. Summary judgment is therefore appropriate when a plaintiff lacks evidence as to when the defect was created. See id., at 242-43, 434 S.E.2d, at 890 (plaintiff could not show when lighting fixture became broken); and Winn Dixie Stores, Inc., v. Parker, 240 Va. 180, 396 S.E.2d 649 (1990) (plaintiff could not show when snap bean came to be on floor).

The Fourth Circuit decided whether a defendant had constructive notice of a dangerous condition in Hodge v. Wal-Mart. 360 F.3d 446. There, the plaintiff was injured when she was struck by mirrors falling from a disorderly display in a store. Id., at 448. She claimed that the store had constructive notice because of "the litany of incidents of falling merchandise that occur in Wal-Mart stores generally" made the incident foreseeable. Id., at 453. The Fourth Circuit rejected this argument because Virginia law requires a plaintiff to show that the defendant "had actual or constructive notice of the *specific* unsafe condition that injured *her*." Id. (emphasis in original). The Hodge court noted that the Virginia Supreme Court had "squarely rejected" the method theory advanced by the plaintiff, instead requiring "'evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its

[unsafe] condition.'" Id., at 453-54 (citing Grim, 246 Va., at 242, 434 S.E.2d, at 890). It then held that the plaintiff's failure to adduce any evidence of when the specific unsafe condition – the disorderly state of the mirrors – came into existence prevented her from showing that the defendant had constructive notice of the condition. Id., at 454. This was true even though the plaintiff had adduced evidence that such conditions could come into existence in less time than the two and one-half hours since the last time the defendant inspected the area. It was "just as logical to assume that an unsafe condition with the mirrors arose in the moments before Hodge entered the display area as it is to assume that it had been there long enough that Wal-Mart should have known about it." Id. (internal citations omitted).

In the present case, summary judgment is appropriate on the issue of constructive notice because Plaintiff has not offered any evidence as to when any dangerous condition came into existence. The only evidence that he has about the creation of the condition is that it was not there when 7-Eleven employee Etta Johnson inspected the area around the pumps at 9:00 am, but that there was diesel fuel on the pavement when Stokes allegedly fell at 12:00 pm. Indeed, he admitted at his deposition that he does not know how long the alleged fuel had been on the pavement prior to him falling, how it got there or who put it there. (Plt's Dep. at 33:24- 34:8). Taking the evidence in the light most favorable to Plaintiff, all this shows is that at some point during the day someone spilled diesel fuel near the pumps. At most, Plaintiff has shown that there was diesel on the pavement, with nothing more than a vague timeframe within which the hazard could have first come about. This is insufficient under Hodge to show constructive notice, because Plaintiff has no evidence, within that period of time, as to when the spill actually occurred. Because it is just as logical to assume that the person at pump immediately before Stokes slipped in the diesel fuel as it is to assume that the diesel fuel had been there long enough

to give 7-Eleven constructive notice of the dangerous condition, Plaintiff cannot show that 7-Eleven had constructive notice and summary judgment is therefore appropriate.

## CONCLUSION

Summary judgment is appropriate because Plaintiff has failed to make out a *prima facie* cause of action for negligence. Plaintiff failed to show that 7-ELEVEN had constructive notice of any such condition because he cannot show when the condition came into existence other than within a general timeframe of approximately three hours. Finally, even if Plaintiff had made out a *prima facie* cause of action for negligence, Plaintiff's failure to act as a reasonable person would act with regards to his or her own safety constitutes contributory negligence as a matter of law and bar his recovery.

WHEREFORE the Defendant, 7-Eleven, Inc. by counsel, respectfully request this Court to grant their Rule 56(a) Motion for Summary Judgment and dismiss Plaintiff's cause of action with prejudice.

7-ELEVEN, INC.

/s/
Counsel

David L. Dayton, Esq. (VSB No. 31177)
Randall C. Lenhart, Jr., Esq. (VSB No. 71207)
KALBAUGH, PFUND & MESSERSMITH, P.C.
555 East Main Street, Suite 1200
Norfolk, Virginia 23510
(757) 623-4500(757) 623-5700 (facsimile)

Steven D. McLain, Esq. (VSB No. 47165)
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300/(804) 320-6312 (facsimile)

**CERTIFICATE**

      I hereby certify that a true and accurate copy of the foregoing document was mailed, postage prepaid, this 3rd day of January, 2013, to M. Scott Bucci, Bucci & Dix, 11449 Robious Road, Richmond, VA 23235, *Counsel for the plaintiff*.

                                                  /s/
                                          Counsel